UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22853-BLOOM/Otazo-Reyes

CHARLOTTE SMITH,

    Plaintiff,

v.

CARNIVAL CORPORATION & PLC,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's Motion to Dismiss Plaintiff's Complaint, ECF No. [7] ("Motion"). Plaintiff Charlotte Smith filed a Response in Opposition, ECF No. [9] ("Response"), to which Defendant filed a Reply, ECF No. [10] ("Reply"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

On September 8, 2022, Plaintiff initiated this action against Defendant, asserting nine counts in the Complaint: Negligent Failure to Inspect ("Count I"); Negligent Failure to Maintain ("Count II"); Negligent Failure to Remedy ("Count III"); Negligent Failure to Warn of Dangerous Condition ("Count IV"); Negligent Design, Installation, and/or Approval of the Subject Area and the Vicinity ("Count V"); Negligence for the Acts of Carnival's Crew, Staff, Employees, and/or Agents, Based on Vicarious Liability ("Count VI"); Vicarious Liability Against Carnival for the Negligence of the Ship's Medical Staff ("Count VII"); Apparent Agency for the Acts of the Ship's Medical Staff ("Count VIII"); and Assumption of Duty for the Negligence of the Ship's Medical

Staff ("Count IX"). ECF No. [1]. In the Complaint, Plaintiff alleges that on July 8, 2022, she slipped and fell on a foreign liquid substance while a passenger on Defendant's cruise ship, the *Vista*. *Id.* at ¶¶ 12-14. Defendant now seeks to dismiss Count VI of the Complaint because (1) it improperly comingles theories of direct and vicarious liability; and (2) it fails to state a claim for vicarious liability as a matter of law. *See generally id*. Plaintiff fresponds that vicarious liability is a valid theory of liability even when it overlaps with direct liability and that she adequately pled vicarious liability because she identified the crew member at issue in sufficient detail.

II.     **LEGAL STANDARD**

   **A.  Shotgun Pleading**

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates . . . [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each

successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Merch. One, Inc. v. TLO, Inc.*, No. 19-CV-23719, 2020 WL 248608, at *3 (S.D. Fla. Jan. 16, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted)). Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (citations omitted).

### B. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678.

### C. General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011).

## III.   DISCUSSION

### A. Theories of Direct and Vicarious Liability Comingled

4

Case No. 22-cv-22853-BLOOM/Otazo-Reyes

Defendant first argues that Count VI should be dismissed because it is a shotgun pleading that contains conflicting allegations and theories of direct and vicarious liability. *See* ECF No. [7] at 6-8. Plaintiff asserts that vicarious liability is a valid theory of liability even when it overlaps with premises liability. ECF No. [9] at 2-4.

The Court reiterates that the Eleventh Circuit has established four (4) types of shotgun pleadings. *See Weiland*, 792 F.3d at 1321-23. Defendant's argument that Count VI is a shotgun pleading falls under the third type; "[t]he third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id*. at 1323. Defendant contends that because Plaintiff incorporated ¶¶ 1-34 of its Complaint into Count VI, it has improperly incorporated allegations against Carnival under a theory of direct liability into a count which alleges vicarious liability. ECF No. [7] at 7. In support, Defendant cites two cases from this district in which the court dismissed a count that included claims under multiple theories of liability. *See Gharfeh v. Carnival Corp.*, 17-20499-CIV, 2018 WL 501270, at *6 (S.D. Fla. Jan. 22, 2018); *McFee v. Carnival Corp.*, 19-22917-CIV, 2020 WL 13389094 at *15 (S.D. Fla. Feb. 3, 2020)[1]. Plaintiff relies on another Southern District of Florida case, *Hunter v. Carnival Corp.*, to support its claim that Plaintiff may properly proceed under both direct liability and vicarious liability theories. S*ee Hunter v. Carnival Corp*., 22-20236-CIV, 2022 WL 2498757 (S.D. Fla. July 1, 2022). There, the court held that Plaintiff was permitted to assert "both direct and vicarious liability claims against Defendant." *Id*. at *4. That case is clearly distinguishable because the plaintiff there did not attempt to assert claims under both theories in the *same* count as Plaintiff has done here.

---

[1] The Court corrected the citation included in Defendant's Motion which misstated the year of the decision.

It is evident from the heading Plaintiff provided to Count VI, "Negligence for the Acts of Carnival's Crew, Staff, Employees, and/or Agents, based on Vicarious Liability" that Plaintiff intended Count VI to be a claim based on vicarious liability. *See* ECF No. [1] at 18. Nevertheless, the Court agrees with Defendant that the language used and incorporated into Count VI is indicative of a claim for direct liability, and a claim for direct liability should be brought in a separate count. *See Gharfeh*, 17-20499-CIV, 2018 WL 501270, at 6 (finding that where a count contained a title suggesting it contains only a claim for vicarious liability, but it also includes allegations of direct negligence, it is "an example of an impermissible shotgun pleading and it needs to be clarified."). The Court therefore finds that Count VI must be dismissed. Moreover, even if the Court were to find that Count VI was not a shotgun pleading, it still must be dismissed for the reasons explained below.

### B.  Claim for Vicarious Liability

Defendant argues that Plaintiff fails to properly plead a claim for vicarious liability as a matter of law because Count VI contains no factual allegations regarding any duty breached by a crewmember or any allegations regarding crewmember misconduct relating to Plaintiff's slip and fall. *See* ECF No. [7] at 8-10. Plaintiff responds that she has identified the crewmember liable, the date on which the negligent conduct of this crewmember occurred, and the location where the negligent conduct occurred. ECF No. [9] at 5-6.

The Court agrees with Defendant. Under a theory of vicarious liability, the duty and conduct of the Defendant, the shipowner, are not relevant. *See Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1169 (11th Cir. 2021) ("[T]he scope of a shipowner's duty has nothing to do with vicarious liability which is not based on the shipowner's conduct."). Under the theory of vicarious liability "an otherwise non-faulty employer [can] be held liable for the negligent acts of [an]

employee acting within the scope of employment." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022) (internal quotation marks omitted). To prove negligence, "a plaintiff must show that (1) the tortfeasor had a duty to protect the plaintiff from a particular injury, (2) the tortfeasor breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm." *Yusko*, at 1167-1168.

While the Court agrees that Plaintiff adequately indicated a specific individual or individuals employed by Defendant as the tortfeasor, Count VI does not adequately plead negligence committed by *that* tortfeasor. Plaintiff set out the duty owed by Defendant, not its employee, and contends that Defendant's breach of that duty was the actual and proximate cause of Plaintiff's injury, rather than specifically identifying how Defendant's employee breached a duty and how that breach caused Plaintiff's injury. *See* ECF No. [1] ¶¶ 104-113. The Court therefore finds that Count VI of the Complaint fails to state a claim as a matter of law.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [7]**, is **GRANTED**.
2. Count VI of the Complaint is **DISMISSED without prejudice**.
3. Plaintiff may file an Amended Complaint **no later than November 14, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 7, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record