UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22853-BLOOM/Otazo-Reyes

CHARLOTTE SMITH,

    Plaintiff,

v.

CARNIVAL CORPORATION & PLC,

    Defendant.

_____/

**ORDER ON MOTION TO FILE SECOND AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon Plaintiff Charlotte Smith's Motion for Leave to File her Second Amended Complaint, ECF No. [39] ("Motion"), filed on July 17, 2023. Defendant Carnival Corporation & PLC filed a Response in Opposition, ECF No. [44], to which Plaintiff filed a Reply, ECF No. [52]. The Court has carefully considered the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

On September 8, 2022, Plaintiff initiated this action against Defendant by filing the initial Complaint. ECF No. [1]. In the Complaint, Plaintiff asserts nine counts: Negligent Failure to Inspect ("Count I"); Negligent Failure to Maintain ("Count II"); Negligent Failure to Remedy ("Count III"); Negligent Failure to Warn of Dangerous Condition ("Count IV"); Negligent Design, Installation, and/or Approval of the Subject Area and the Vicinity ("Count V"); Negligence for the Acts of Carnival's Crew, Staff, Employees, and/or Agents, Based on Vicarious Liability ("Count VI"); Vicarious Liability Against Carnival for the Negligence of the Ship's Medical Staff ("Count VII"); Apparent Agency for the Acts of the Ship's Medical Staff ("Count VIII"); and Assumption

of Duty for the Negligence of the Ship's Medical Staff ("Count IX").  Defendant filed a Motion to Dismiss Count VI, ECF No. [7], which the Court granted with leave for Plaintiff to amend her Complaint, ECF No. [14].

On November 16, 2022, Plaintiff filed her First Amended Complaint, asserting the same nine counts alleged in her original Complaint: Negligent Failure to Inspect ("Count I"); Negligent Failure to Maintain ("Count II"); Negligent Failure to Remedy ("Count III"); Negligent Failure to Warn of Dangerous Condition ("Count IV"); Negligent Design, Installation, and/or Approval of the Subject Area and the Vicinity ("Count V"); Negligence for the Acts of Carnival's Crew, Staff, Employees, and/or Agents, Based on Vicarious Liability ("Count VI"); Vicarious Liability Against Carnival for the Negligence of the Ship's Medical Staff ("Count VII"); Apparent Agency for the Acts of the Ship's Medical Staff ("Count VIII"); and Assumption of Duty for the Negligence of the Ship's Medical Staff ("Count IX"). ECF No. [20].

The Court has entered a Scheduling Order in this case. ECF No. [12]. The Scheduling Order instructs the parties that all motions to amend pleadings or join parties were to be filed before December 20, 2022. *Id*. at 2.

On July 17, 2023, Plaintiff filed the instant Motion seeking leave to file her Second Amended Complaint, ECF No. [39]. Therein, Plaintiff "seeks leave to add allegations and claims of punitive damages to her complaint." ECF No. [39] at 3. Defendant responds that "Plaintiff's proposed amendment is futile, and should be denied." ECF No. [44] at 1.

## II.   LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

15(a)(2). "The court should freely give leave when justice so requires." *Id.* A plaintiff should be afforded the opportunity to test its claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not ... allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman*, 371 U.S. at 182.

A scheduling order may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When, as here, a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998); *see also Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). Accordingly, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Sosa*, 133 F.3d. at 1419. First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. Good cause exists when the deadline could not "be met despite the diligence of the party seeking the extension." *Id.* at 1418 (quoting Fed. R. Civ. P. 16 advisory committee note). Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information

3

supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information. *See id.* at 1419. If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.* But, if the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

## III. DISCUSSION

Plaintiff contends that the Court should grant her leave to amend to plead newly discovered facts, allegations, and claims for punitive damages. *See generally* ECF No. [39]. Defendant responds that leave should be denied since the close of discovery and deadline for dispositive motions is impending, the deadline to amend pleadings has passed, and Plaintiff's proposed amendment is futile. *See generally* ECF No. [44].

Because Defendant does not contend that Plaintiff lacks good cause to amend, the Court focuses its analysis on whether the proposed amendment would be futile. Defendant argues that amendment would be futile because "Plaintiff does not provide any factual allegations tending to show that Carnival's conduct was intentional, rather than merely negligent[.]" ECF No. [44] at 5. Defendant contends that to state a claim for punitive damages under general maritime law, Plaintiff must show intentional misconduct by the Defendant. *Id.* at 3. Plaintiff responds in her Reply that Defendant is mistaken about the applicable standard and Plaintiff has sufficient grounds to plead punitive damages. ECF No. [52].

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec*

*v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011).

Defendant relies on *Hall v. Carnival Corp.*, where this Court explained that "the standard applicable to punitive damages claims in a case involving injury to a passenger is intentional misconduct on the part of a defendant." 536 F. Supp. 3d 1306, 1312 (S.D. Fla. 2021). "In order to demonstrate intentional misconduct, a plaintiff must show that 'the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and despite that knowledge, intentionally pursued that course of conduct.'" *Id*. at 1313 (quoting Kennedy v. Carnival Corp., 385 F. Supp. 3d 1302, 1329 (S.D. Fla. 2019)).

Defendant argues that Plaintiff's proposed amendment fails to meet the standard because "there are no factual allegations supporting the inference that Carnival acted intentionally with regard to Plaintiff's claim." ECF No. [44] at 5. Defendant relies on *Roberts v. Carnival Corp.*, No. 1:19-CV-25281-KMM, 2020 WL 10898036 (S.D. Fla. Oct. 19, 2020) for the proposition that summary allegations that a Defendant intentionally concealed a defect are insufficient to support a claim for punitive damages. In *Roberts*, the court considered a cruise line defendant's motion to strike the plaintiff's request for punitive damages. *Id*. at *1. The plaintiff alleged that "(1)

Defendant knew that the threshold was dangerous and failed to remedy the harm and (2) Defendant intentionally concealed the defect." *Id*. at *4 The *Roberts* court held that those allegations were inadequate to support a claim for punitive damages because "to justify punitive damages, Plaintiff must allege that Defendant knew the measures were inadequate and implemented them anyway." *Id*. The court further found that "Plaintiff's allegation that Defendant *knew* the defect was dangerous and failed to implement appropriate corrective measures is merely a traditional negligence claim, summarily alleged to have been done intentionally." *Id*. (emphasis in original).

Plaintiff responds that Defendant is mistaken, and prior incidents can constitute the basis for punitive damages. Plaintiff's allegations supporting punitive damages are that Defendant "disclosed nineteen prior incidents of passengers who slipped and fell in the same subject area" and "did not change the subject surface, despite virtually all of these prior incidents having involved the same surface." ECF No. [39-4] ¶¶ 35-36. The proposed allegations also include that Defendant's conduct

> amounted to intentional deprivation of [Plaintiff's] rights, given the [Defendant's] actual knowledge of the serious risk to [Defendant's] customers, and that possible remedies had been discussed and/or proposed, including, but not limited to, changing the type of surface used, but [Defendant] failed to implement any such change by the time of [Plaintiff's] incident.

*Id*. ¶ 38.

Instead of distinguishing the cases on which Defendant relies, Plaintiff cites to *Fitzsimmons v. Biomet Orthopedics, Inc.*, No. 2:19-cv-182-FtM-29NPM, 2021WL 211267, at *6 (M.D. Fla. Jan. 21, 2021) and argues that prior incidents can provide sufficient basis for a claim for punitive damages. There, the court considered a motion for summary judgment in a case concerning the implantation of a hip device during a surgical procedure. *Id*. at *1. The court found sufficient factual evidence that the defendant "was aware of potential problems with the [hip device] and simply ignored them" to support a claim for punitive damages. *Id*. at *6. However, in *Fitzsimmons*,

the court considered Indiana law and Florida law regarding punitive damages rather than the controlling maritime law. *See id*. The *Fitzsimmons* court explained that punitive damages are available under Indiana law "upon a showing that the defendant acted with 'malice, fraud, gross negligence, or oppressiveness which was not the result of a mistake of fact or law, mere negligence, or other human failing." *Id*. (internal quotation marks and citation omitted). Under Florida law, punitive damages are appropriate "only if the defendant was personally guilty of intentional misconduct or gross negligence." *Id*. (internal quotation marks and citation omitted). Both standards considered in *Fitzsimmons* differ from the standard applicable to this case, which is the standard recited in *Hall*.

Plaintiff does not attempt to distinguish the facts of *Roberts* which the Court finds analogous to the instant case. Plaintiff has also failed to cite any case law suggesting that punitive damages are sufficiently pled under maritime law. The Court finds that "Plaintiff's allegation that Defendant *knew* the defect was dangerous and failed to implement appropriate corrective measures is merely a traditional negligence claim, summarily alleged to have been done intentionally." *See Roberts*, 2020 WL 10898036, at *4 (emphasis in original). Therefore, the Court finds that the proposed amendment would be futile and denies Plaintiff's Motion for Leave to File her Second Amended Complaint.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [39]**, is **DENIED**.

Case No. 22-cv-22853-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 15, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record