UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-22853-BLOOM/Torres**

CHARLOTTE SMITH,

    Plaintiff,

v.

CARNIVAL CORPORATION & PLC,

    Defendant.

_____/

## OMNIBUS ORDER ON PLAINTIFF'S MOTIONS IN LIMINE, PLAINTIFF'S MOTION TO STRIKE DEFNDANT'S DAUBERT EXPERTS, AND DEFENDANT'S MOTION IN LIMINE

**THIS CAUSE** is before the Court upon Plaintiff Charlotte Smith's Omnibus Motion in Limine, ("Plaintiff's Motion in Limine"), ECF No. [56], Plaintiff's Daubert Motion to Strike Expert Witnesses ("Daubert Motion"), ECF No. [57], and Defendant Carnival Corporation's Motion in Limine to Preclude Evidence of Prior Incidents, ("Defendant's Motion in Limine"), ECF No. [58].

Regarding Plaintiff's Motion in Limine, Defendant filed a Response, ECF No. [63], to which Plaintiff filed a Reply, ECF No. [67]. Regarding Plaintiff's Daubert Motion, Defendant filed a Response, ECF No. [62], to which Plaintiff filed a Reply, ECF No. [66]. Regarding Defendant's Motion in Limine, Plaintiff filed a Response, ECF No. [64], to which Defendant filed a Reply, ECF No. [65]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion in Limine is granted in part and denied in part, Defendant's Motion in Limine is granted in part and denied in part, and Plaintiff's Daubert Motion is denied.

## I.     BACKGROUND

On September 8, 2022, Plaintiff filed her Complaint, ECF No. [1], and thereafter filed her First Amended Complaint, ("Complaint"), ECF No. [20]. Plaintiff's action stems from injuries while a passenger aboard Defendant's Cruise Ship, the *Vista*. *Id*. ¶ 13. On July 8, 2022, Plaintiff allegedly slipped and fell due to a liquid substance on the deck, sustaining severe injuries, including "a complete rupture of her right hamstring, a partial tear of her left hamstring, head injuries, a possible traumatic brain injury, and other serious injuries which require surgery." *Id*. ¶¶ 14, 15. Plaintiff's Amended Complaint asserts claims of Negligent Failure to Inspect (Count I); Negligent Failure to Maintain (Count II); Negligent Failure to Remedy (Count III); Negligent Failure to Warn of Dangerous Condition (Count IV); Negligent Design, Installation, and/or Approval of the Subject Area and the Vicinity (Count V); and Negligence for the Acts of Carnival's Crew, Staff, Employees, and/or Agents, Based on Vicarious Liability.

## II.     LEGAL STANDARD

### (a) Motion in Limine

"In fairness to the parties and their ability to put on their case, a court should exclude evidence in limine only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id*. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig*., Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence

actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting Miller ex rel. Miller v. Ford Motor Co., No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing United States v. Lopez, 649 F.3d 1222, 1247 (11th Cir. 2011)); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

### (b) *Daubert* **Analysis**

Federal Rule of Evidence 702 governs the admissibility of expert testimony. When a party proffers the testimony of an expert under Rule 702, the party offering the expert testimony bears

the burden of laying the proper foundation, and that party must demonstrate admissibility by a preponderance of the evidence. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). To determine whether expert testimony or any report prepared by an expert may be admitted, the Court engages in a three-part inquiry, which includes whether: (1) the expert is qualified to testify competently regarding the matters the expert intends to address; (2) the methodology by which the expert reaches his or her conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *See City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (citing *Daubert v.Merrell DowPharms.,Inc.*, 509 U.S. 579, 589 (1993)). The Court of Appeals for the Eleventh Circuit refers to each of these requirements as the "qualifications," "reliability," and "helpfulness" prongs. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). While some overlap exists among these requirements, the court must individually analyze each concept. *See id.*

Under *Daubert*, a district court must take on the role of gatekeeper, but this role "is not intended to supplant the adversary system or the role of the jury." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003) (citations and quotation marks omitted). Consistent with this function, the district court must "ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002). "[I]t is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech.*, 326 F.3d at 1341 (citations and quotation marks omitted). Thus, the district court cannot exclude an expert based on a belief that the expert lacks personal credibility. *Rink*, 400 F.3d at 1293 n.7. On the contrary, "vigorous cross-

examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Quiet Tech.*, 326 F.3d at 1341 (quoting *Daubert*, 509 U.S. at 596). "Thus, '[o]n cross-examination, the opposing counsel is given the opportunity to ferret out the opinion's weaknesses to ensure the jury properly evaluates the testimony's weight and credibility.'" *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988)). Ultimately, "a district court enjoys 'considerable leeway' in making" evidentiary determinations such as these. *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1103 (11th Cir. 2005) (quoting *Frazier*, 387 F.3d at 1258).

### (c) Maritime Law

"Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (citing *Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989)). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). "To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara*, 920 F.3d at 720 (quoting *Chaparro*, 693 F.3d at 1336). "Each element is essential to Plaintiff's negligence claim and Plaintiff cannot rest on the allegations of her complaint in making a sufficient showing on each element for the purposes of defeating summary judgment." Isbell v. Carnival Corp., 462 F. Supp. 2d 1232, 1236-37 (S.D. Fla. 2006).

"A cruise-ship operator 'is not liable to passengers as an insurer, but only for its

negligence.' The mere fact of an accident causing injury is insufficient to establish that a dangerous condition existed." *D'Antonio v. Royal Caribbean Cruise Line, Ltd.*, 785 F. App'x 794, 796-97 (11th Cir. 2019) (quoting *Keefe,* 867 F.2d at 1322); see also *Looney v. Metro. R.R. Co*., 200 U.S. 480, 486 (1906) ("A defect cannot be inferred from the mere fact of an injury. There must be some proof of the negligence."); *Miller v. NCL (Bah.) Ltd*., No. 15-cv-22254, 2016 WL 4809347, at *4 (S.D. Fla. Apr. 6, 2016) ("Generally, ship owners and operators do not owe a heightened or special duty of care to their passengers." (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959))), aff'd, 679 F. App'x 981 (11th Cir. 2017). Rather, "[u]nder maritime law, the owner of a ship in navigable waters owes passengers a duty of reasonable care under the circumstances." *Sorrels v. NCL (Bah.) Ltd*., 796 F.3d 1275, 1279 (11th Cir. 2015).

The duty of reasonable care requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. "In other words, a cruise ship operator's duty is to shield passengers from known dangers (and from dangers that should be known), whether by eliminating the risk or warning of it." *Tesoriero v. Carnival Corp*., 965 F.3d 1170, 1178 (11th Cir. 2020). However, with respect to warning passengers of dangers that are known or should be known, the cruise ship operator's duty does not extend to warning of open and obvious dangers. *See Carroll v. Carnival Corp*., 955 F.3d 1260, 1264 (11th Cir. 2020) ("An operator of a cruise ship has a duty to warn only of known dangers that are not open and obvious." (citing *Guevara*, 920 F.3d at 720 n.5)). Thus, a cruise-ship operator's liability often "hinges on whether it knew or should have known about the dangerous condition." Guevara, 920 F.3d at 720; see also *D'Antonio*, 785 F. App'x at 797. "The mere fact that an accident occurs does not give rise to a presumption that the setting of the accident constituted a dangerous condition." *Miller*, 2016 WL 4809347, at *4. Moreover, a plaintiff cannot

establish a breach of its duty of care unless the plaintiff shows

> (1) a dangerous condition existed; [and] (2) the vessel's operator had actual notice of the dangerous condition; or (3) if there was no actual notice, that [d]efendant had constructive notice of the dangerous condition for an interval of time sufficient to allow the vessel's operator to implement corrective measures.

*Stewart v. Carnival Corp*., 365 F. Supp. 3d 1272, 1275 (S.D. Fla. 2019) (quoting *Reinhardt v. Royal Caribbean Cruises, Ltd.*, No. 1:12-cv-22105, 2013 WL 11261341, at *4 (S.D. Fla. Apr. 2, 2013) (citing *Adams v. Carnival Corp.*, 2009 A.M.C. 2588, at *3 (S.D. Fla. 2009) (citing *Keefe*, 867 F.2d 1318 (11th Cir. 1989)))) (alterations in Stewart).

## III. DISCUSSION

### a. Plaintiff's Motion in Limine

Plaintiff seeks to preclude Defendant from introducing the following categories of evidence at the upcoming trial:

(1)(a)[1] Plaintiff's unrelated prior or subsequent injuries or medical conditions;

(1)(b) Plaintiff's arrests or convictions for alleged crimes not related to honesty;

(2) Speculative arguments or evidence regarding the number of prior incidents aboard its ships;

(3) Automatic collateral set offs for medical bills;

(4) Evidence that any of Plaintiff's expert witnesses were struck under Daubert in other cases or were involved in a malpractice suit;

(5) Any witnesses that Plaintiff requested for deposition, but which Defendant did not produce;

(6) References or mention when Plaintiff's lawyers were hired;

(7) References or mention when Plaintiff's experts were hired including attorney-client communications;

(8) Evidence or arguments that Plaintiff's symptoms are psychosomatic, arguments that

---

[1] The Court will address Plaintiff's first Motion in Limine in two parts, (1)(a) and (1)(b).

Plaintiff suffering from secondary gain, symptom magnification, somatoform disorder, or that Plaintiff is "malingering," "committing fraud on the court," or attempting to "cash in a lottery ticket;"

(9) Evidence or argument as to allegations raised in any complaints outside of the operative Complaint;

(10) Arguments or statements that Defendant conducted or performed "Independent medical evaluations;

(11) Testimony of Defendant's corporate representative that differs from testimony during the Rule 30 deposition.

In its Response, Defendant does not oppose Plaintiff's Motion in Limine as to (5) and (6). The Court address the opposed matters. Plaintiff also withdrew her motion (11) in her Reply, ECF No. [67], as such it is denied as moot. The Court addresses each of the remaining motions in turn.

### (1)(a) Plaintiff's unrelated prior or subsequent injuries or medical conditions

Plaintiff seeks to exclude any reference to prior or subsequent injuries, or any medical conditions Plaintiff may have had which are not related to the injury alleged in this action. ECF No. [56] at 1. Defendant responds that "Plaintiff has directly placed her medical condition at issue [with] claims for damages [for] 'severe bodily injuries resulting in pain and suffering, disability, scarring, disfigurement, mental anguish, loss of independence, medical care and treatment, hospitalization, nursing care and treatment' which are 'permanent and/or continuing in nature.'" ECF No. [63] at 2; *see also* ECF No. [20]. Thus, any prior injuries and her general medical condition "directly impacts her claims for damages" and may "serve[] as an alternative explanation for the damages she claims to be experiencing." ECF No. [63] at 2. Plaintiff replies that her Motion in Limine is strictly focused on excluding evidence of medical conditions "which are not related

to the injury she is alleging as the subject of this lawsuit" and therefore are irrelevant. ECF No. [67] at 1.

In support of her Motion in Limine, Plaintiff argues that as to any irrelevant references or evidence, "whatever probative value it might have is substantially outweighed by the danger of unfair prejudice and confusion." *Richardson v. Missouri Pac. R. Co*., 186 F.3d 1273, 1277 (10th Cir. 1999). "Only evidence relevant to a claim or defense is admissible." *Id*. (citing Fed. R. Evid. 402). Further, even relevant evidence may be excluded "when the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay)," etc. *All State Ins. Co. v. Vizcay*, No. 11-CV_804_EAK-EAJ, 2014 WL 1292890, at *1 (M.D. Fla. Mar. 31, 2014).

Defendant cites to this Court in *Ramirez v. Carnival Corp*., No. 22-cv-21202, 2023 WL 3318723 (S.D. Fla. May 9, 2023), denying a plaintiff's motion to exclude evidence of her other medical conditions when "[p]laintiff herself has implicated any preexisting injuries and conditions, which are relevant to prove pain and mental anguish." *Id*. at *3. Defendant also relies on *Aycock v. R.J. Reynolds Tobacco Co*. 769 F.3d 1063, 1069-70 (11th Cir. 2014) which held that a "defendant's ability to present alternative causes is of paramount importance in allowing for an adequate defense." *Id*. at 1069-70. A defendant is "[not] precluded from offering evidence of possible explanations other than [its] own negligence." *Id*. at 1069. (citations omitted). Finally, Defendant argues that Plaintiff failed to show that the evidence would be clearly inadmissible on all potential grounds. *Vaughn v. Carnival Corp*., 571 F. Supp. 1318, 1320 (S.D. Fla. Nov. 29, 2021); *see also Gonzalez*, 718 F. Supp. 1345 (S.D. Fla. 2010).

Consequently, as neither party had disclosed which prior injuries or medical conditions it seeks to either disclose or to prevent the disclosure of, Plaintiff fails to show that this evidence is

inadmissible on all potential grounds. Consistent with this and other courts, prior injuries may be relevant to present an adequate defense. Moreover, as Rule 403 "allows a trial court to exclude evidence that is probative, [it] is an extraordinary remedy which should be used sparingly." *Aycock* 769 F.3d at 1069-70 (citing *U.S. v. King*, 713 F.2d 627, 631 (11th Cir. 1983). The parties will have the ability make objections to evidence that is truly irrelevant. *Vaughn*, F. Supp. At 1320. (citations omitted). Accordingly, Plaintiff's Motion in Limine as to evidence of Plaintiff's prior injuries and medical condition is denied.

**(1)(b) Plaintiff's arrests or convictions for alleged crimes not related to honesty**

Plaintiff moves to exclude any reference to "arrests/convictions for alleged crimes not related to honesty" and which are not related to the injury alleged in this action, that are irrelevant and any probative value substantially outweighed by the danger of unfair prejudice. ECF No. [56] at 1. Defendant argues that it should be able to present evidence for impeachment purposes. ECF No. [63] at 3. Neither party has indicated what potential evidence falls within this category.

Consequently, the Court grants Plaintiff's motion to the extent that use of any such evidence must comply with Fed. R. Evid. 609 governing impeachment by evidence of a criminal conviction. If such a conviction exists, it must be admitted subject to Rule 403 as to the Plaintiff. Fed. R. Evid. 609(a)(1)(A). Accordingly, Plaintiff's Motion in Limine as to prior arrests or convictions for alleged crimes not related to honesty is granted.

**(2) Speculative arguments or evidence regarding the number of prior incidents aboard its ships**

Plaintiff moves to exclude evidence of the number of passengers on Defendant's ships that did not suffer similar injuries to Plaintiff, in an effort to demonstrate that the stairs were safe. ECF No. [56] at 2-3. Plaintiff argues that if presented "[w]ithout an adequate foundation, such speculative arguments' danger of unfair prejudice [] substantially outweighs whatever probative

value they might have." *Id*. Furthermore, Plaintiff points out that Defendant has not produced any evidence as to a total number of passengers it estimates use the subject area, what an acceptable rate of injuries is, or "any evidence to support its argument that the subject [areas] were safe." *Id*. at 3. Therefore, Plaintiff requests the Court exclude any "speculative argument or evidence" exceeding the scope of evidence the parties have agreed to, "five years prior within the class of ships for prior incidents, and three years within the class of ships for prior complaints." *Id*.

Defendant responds that such evidence is admissible and necessary to demonstrate lack of notice to defend itself against the six counts of negligence alleged in the Complaint. ECF No. [63] at 3. Defendant argues that as Plaintiff alleged that other passengers in prior cases also "suffered slip and fall incidents involving similar surfaces on the same [and other] ship[s], evidence as to a *lack* of prior incidents is proper. *Id*. at 3. Defendant cites *Ramirez*, 2023 WL 3318723 for support of its argument that evidence on the lack of prior incidents is relevant to lack of notice and is therefore permissible if the offering party lays the proper foundation. *Id.*, at *2-3 "The only feasible way of demonstrating lack of notice is to show that the channels which would have normally yielded such information did not do so." *Id*. (citations omitted).

Plaintiff replies that any new evidence that has not been previously disclosed would be highly prejudicial and should be excluded. ECF No. [67] at 2. Plaintiff seeks to constrain any potential new evidence as to the non-existence of prior incidents to that within the parties' agreed upon time frame. ECF NO. [67] at 2.

Plaintiff has failed to show that this evidence is clearly inadmissible on all potential grounds. Accordingly, the Court denies Plaintiff's Motion in Limine as to speculative evidence on the lack of prior incidents. However, evidence on the lack of prior incidents shall be limited to no older than five years prior within the class of ships for prior incidents and no older than three years

within this class of ships with prior complaints. ECF No. [56] at 3; ECF No. [67] at 2.

### (3) Automatic collateral set-offs for medical bills

Plaintiff moves to preclude automatic collateral source set-offs in this action. ECF No. [56] at 3; clarifying at ECF No. [67] at 2. Plaintiff argues that the Eleventh Circuit has unambiguously held that set-offs for medical bills are improper. *Id*. Plaintiff clarifies that by set-offs, she meant judicial exclusions that could deprive a plaintiff "of the reasonable and necessary medical bills even where the jury finds them to be reasonable and necessary." *Id*.

Plaintiff cites to *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020) and *Penny v. Royal Caribbean Cruises, Ltd.*, No. 22-cv-22543, 2023 WL 5977973 (S.D. Fla. Sept. 14, 2023) for support. In *Higgs*, the Eleventh Circuit ruled that it is "inappropriate to impose a bright-line rule for the calculation of damages. . . . it is wiser to leave the ultimate determination [] to the jury, upon its consideration of all relevant evidence, notably the amount billed, the amount paid, and any expert testimony and other relevant evidence the parties may offer." *Higgs*, 969 F.3d at 1313-14. In *Higgs*, the Eleventh Circuit vacated the district court's post-trial reduction of medical damages award and remanded "for entry of judgment in the amount the jury found to be reasonable." *Id*. at 1300. *Higgs* established that judicial set-offs for damages awards are improper as "the collateral source rule provides that a plaintiff is entitled to recover the full value of the damages caused by a tortfeasor, without offset for any amounts received in compensation for the injury from a third party (like an insurance company or family member)." *Id*. at 1310 (citations omitted).

In *Penny*, this Court ruled on a similar motion in limine as to collateral sources for payment of medical bills. 2023 WL 5977973, at *5. There, plaintiff asked the Court to "preclude the defendant, its counsel, and witnesses from making any reference to the availability of collateral

sources to pay plaintiff's past of future medical bills." *Id*. This Court granted the motion in limine and the parties agreed that "evidence or references to the availability of collateral sources to pay [p]laintiff's medical bills. . . are excludable." *Id*. The Court similarly agrees with Plaintiff and determines that this evidence is inadmissible on all potential grounds. Accordingly, Plaintiff's Motion in Limine as to exclusion of judicial set offs is granted.

**(4) Evidence that any of Plaintiff's expert witnesses were struck under *Daubert* in other cases or were involved in a malpractice suit**

Plaintiff moves to exclude any evidence or argument that any of Plaintiff's experts were either involved in a malpractice suit or struck under *Daubert* in another matter. Plaintiff argues that this evidence, if it exists and is presented, would be highly prejudicial with little to no probative value for collateral matters. ECF No. [56] at 4. Defendant responds that it should not be precluded as prior medical malpractice claims are relevant to whether an expert is competent to provide expert opinions in court. ECF No. [63] at 5. Defendant contends that such evidence "may be relevant if Defendant can show that Plaintiff has opened the door to collateral evidence in other cases" and that such evidence would have to bear on the expert's competence and truthfulness. *Id*. at 4-5. Therefore, if Plaintiff opens to door to such questioning, Defendant contends it should be allowed to cross-examine Plaintiff's experts on any potential prior rulings. *Id*. at 5.

Plaintiff replies that Defendant has not rebutted her argument that any such evidence is inadmissible unless Plaintiff opens the door. ECF No. [67] at 3. Furthermore, any potential prior ruling against Plaintiff's experts or malpractice suits must still be substantially similar to the issues in this action. *Id*. Plaintiff argues that Defendant has an alternative, and if such evidence exists that also bears on this case, *and* if Plaintiff mistakenly opens the door, then the Defendant may approach the bench, "advise this Honorable Court that Plaintiff has opened the door" and request that it be allowed to question Plaintiff's experts. *Id*. Plaintiff reasons that if Defendant introduces

evidence without approaching the bench, Plaintiff is then prejudiced and "will be in the difficult position of trying to 'un-ring' the bell." *Id*.

Plaintiff cites to *Siplin v. Carnival Corp.*, 17-Civ-23741, 2018 WL 3439452 (S.D. Fla. Jul. 17, 2018). There, as in this action, the defendant had "presented no compelling reason for seeking to reference [the expert's] prior *Daubert* challenges for the purposes of [] lack of competency." *Id*. at *6. ("Just because an expert was subjected to a successful *Daubert* challenge, by itself, is too removed and prejudicial to permit without knowing specifically what the basis of the challenge was"). In *Siplin*, Plaintiff's motion in limine to preclude defendant from introducing evidence of any prior cases where the expert was "retained, proffered testimony, or [] subjected to a *Daubert* challenge" was granted with leave for defendant to renew at trial upon a showing that the plaintiff "had sufficiently opened the door to collateral evidence of other cases in which the exert testified." *Id*. That court also imposed a condition — the defendant must "show why the expert was excluded [as it] relates to the expert's truthfulness or competence [] not just that a successful *Daubert* challenge was raised involving that expert." *Id*. Defendant also cites to *Siplin* and also to *Kroll v. Carnival Corp.*, 19-23017-CIV, 2021 WL 832358, (S.D. Fla. Nov. 2, 2021) and requests a similar order. ECF No. [63] at 5. The order in *Kroll* cited to *Siplin* and imposed a similar condition.

The Court agrees with Plaintiff that this evidence is inadmissible on all potential grounds. Accordingly, Plaintiff's Motion in Limine to exclude evidence or argument that any of Plaintiff's experts were struck under *Daubert* in prior cases or involved in a medical malpractice suit is granted. As in *Siplin*, if Plaintiff opens the door on direct examination, Defendant can renew its request upon a showing that (1) Plaintiff sufficiently opened the door; (2) the basis for the expert's exclusion in the earlier case; and (3) the exclusion relates to the competence or truthfulness of the expert.

**(5) Any witnesses that Plaintiff requested for deposition which Defendant did not produce**

Defendant does not oppose this motion. The motion is granted. ECF No. [63] at 4.

**(6) References or mention when Plaintiff's lawyers were hired**

Defendant does not oppose this motion. The motion is granted. *Id*.

**(7) References or mention when Plaintiff's experts or treating physicians were hired including attorney-client communications**

Plaintiff moves to exclude the above-mentioned references and evidence. Plaintiff argues that this would prejudice her and necessitate an explanation to the jury that there is a one-year timeline to file an action of this nature, creating an unfair assumption that Plaintiff immediately sought to bolster a lawsuit against Defendant. ECF No. [56] at 7. Further, Plaintiff argues that this is a collateral matter that might distract the jury. *Id*.

Plaintiff relies on *Vizcay*, 2014 WL 1292890 that "[a] court may exclude relevant evidence when the probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay" etc. *Id*. at *1. Plaintiff also cites to *Tennant v. Handi-House Mfg. Co.*, No. 16-cv-1276-J-25 MCR, 2018 WL 8248898 (M.D. Fla. July 26, 2018) and argues that a defendant "may not generally introduce evidence of when a Plaintiff hired an attorney or of a financial relationship between Plaintiff's law firm and its treating physicians." *Id*. at *3. ("Defendant cannot show collusion between Plaintiff's physicians and lawyers.")

Defendant failed to respond to the argument. Plaintiff's Motion in Limine as to when Plaintiff's experts and treating physicians were hired, and relevant attorney-client communications is granted.

**(8) Evidence or arguments that Plaintiff's symptoms are "psychosomatic," arguments that Plaintiff suffering from "secondary gain," "symptom magnification," "somatoform disorder," or that Plaintiff is "malingering," "committing fraud on the court," or attempting to "cash in a lottery ticket"**

Plaintiff moves to exclude the above-mentioned references, arguments, and evidence. ECF No. [56] at 7. First, Plaintiff argues that Defendant's experts do not opine whether Plaintiff is suffering from or can be categorized with such issues. *Id*. at 8 Furthermore, such terms are irrelevant, "would severely prejudice Plaintiff" and therefore the prejudice would outweigh any potential probative value the evidence might have, it exists. *Id*.

Defendant responds that Plaintiff has failed to present argument that such opinions are "unreliable or unhelpful" and the motion warrants denial. ECF [63] at 6. Nor has Plaintiff shown that this evidence is "clearly inadmissible on all potential grounds." *Vaughn*, 571 F. Supp. 3d at 1320.

Plaintiff replies that Defendant has conflated the issues, that Plaintiff has no issue with attempts to rebut her evidence. Rather it is the use of inflammatory terms such as "fraud upon the court," and attempting to "cash in a lottery ticket" that she moves to exclude as the words are "completely and utterly disproportionately prejudicial compared to whatever probative value the use of such inflammatory words may have." ECF No. [67] at 5.

Both parties rely on *Penny v. Royal Caribbean* for support. 2023 WL 5977973. Defendant argues that *Penny* supports use of some of those terms. ECF No. [63] at 6. In *Penny*, this Court denied the motion to exclude testimony concerning malingering, feigning, exaggerating, or other similar terms as this Court had not been presented with any argument that such terms were unreliable, unhelpful, or otherwise properly excluded. *Id*. at *5.

Conversely, Plaintiff relies on *Penny* to make a distinction between the words it seeks to exclude — "malingering" would be benign, while terms like "fraud upon the court" and attempting

to "cash in a lottery ticket" are inflammatory and not condoned under *Penny*. ECF No. [67] at 5. In *Penny*, this Court granted the motion in limine as to the term "Junk Science" due to its "pejorative connotation that is not helpful to the jury." 2023 WL 5977973, at *8. However, in *Penny*, this Court permitted references to MRI and DTI data as "numerous courts. . . found DTI data to be reliable, helpful, and admissible." *Id*. (citing *Ward v. Carnival Corp*., 17-24628-CV, 2019 WL 1228063, *8-9 (S.D. Fla. Mar. 14, 2019)). As to "malingering," Defendant relies on *Demeritt v. Wal-Mart Stores East*, LP, No. 20-cv-89-PGB-GJK, 2022 WL 701141 (M.D. Fla. Feb. 1, 2022). Defendant is correct that the court determined that "physicians routinely offer opinions in the context of their treatment plan on whether a patient is "malingering." *Id*. at *6 (citations omitted). However, *Demeritt* is distinguishable. There, the argument was inverted: the defendant argued that it would not have been appropriate for their medical experts to opine whether that plaintiff was malingering, thus it was improper for the plaintiff to claim that she was *not* malingering. *Id*. While physicians routinely offer opinions as to whether a patient is "malingering," the defendant's expert must have already held the opinion (that the plaintiff was malingering), and properly disclosed in it advance of offering it. *Id*. Here, the Defendant has not argued as such. Defendant also cited to *Conway v. Celebrity Cruises*, No. 19-24470-CIV, 2022 WL 1202874 (S.D. Fla. Apr. 22, 2022) for support that malingering is a proper term. *Id*. at *3. While in *Conway* the plaintiff's motion to exclude certain terms was denied, as the Court held that the expert may testify as to opinions rendered in their expert reports. *Id*.

Plaintiff has not demonstrated that the evidence is clearly inadmissible on all potential grounds. Accordingly, Plaintiff's Motion in Limine as to those terms is denied to the extent that those terms, in proper context, are contained within the expert reports.

**(9) Evidence or argument as to allegations raised in any of her initial or amended complaints**

Plaintiff moves to exclude the above-mentioned references and evidence. Plaintiff contends that "[c]omplaints filed in litigation are not evidence, are not sworn testimony, are confusing to the jury, and [] are not proper to present to the jury." ECF No. [56] at 9. Plaintiff cites to a case outside of this district that complaints "relate[] more to litigation procedures" and that a party "should be able to tell their story [but] the court and jury need not wander off into correct litigation procedures." *Seek v. Vail*, No. 15CV187DAK, 2017 WL 519881, at *2 (D. Utah Nov. 9, 2017). Plaintiff contends that inclusion on non-evidence from prior complaints may unnecessarily confuse the jury, thus any potential probative value would be outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time" etc. *Vizcay*, 2014 WL 1292890 (M.D. Fla. Mar. 31, 2014) (citing Fed R. Evid. 403).

Defendant did not respond to this motion. Plaintiff's Motion in Limine as to exclusion of prior complaints is granted.

**(10) Arguments or statements that Defendant's Medical Experts conducted or performed "Independent" Medical Evaluations**

Plaintiff moves to exclude the above-mentioned references and evidence. Plaintiff argues that the word "independent" as to medical evaluations "is irrelevant, and whatever probative value it might have is substantially outweighed by the danger of unfair prejudice and confusion." *Richardson*, 186 F.3d at 1277. The severe prejudice Plaintiff alleges would arise from an appearance that Defendant's doctors are independent while Plaintiff's are not. ECF No. [56] at 10. Plaintiff also argues that factually, these are not independent doctors as there was a compulsory medical examination of Plaintiff which is not an independent act. *Id.*

Defendant responds that this request should be denied and cites to *Conway*. 2022 WL

1202874, at *3. There, the court determined that as an expert's title is not evidence, any argument to preclude referring to an expert as "independent" is without merit. *Id*.

Plaintiff replies again that use of the term "independent" would result in severe prejudice that would outweigh the probative value of that evidence. ECF No. [67].

Plaintiff has failed to show that she would be substantially prejudiced by use of the word "independent" and has failed to show that this evidence is clearly inadmissible on all grounds. Moreover, "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)).

Accordingly, Plaintiff's Motion in Limine as to the use of the term "Independent" is denied.

### (11) Testimony of Defendant's corporate representative that differs from testimony during the deposition

This motion is denied as moot as Plaintiff withdrew the motion. ECF No. [67] at 6.

### b.  Defendant's Motion in Limine

Defendant moves to preclude Plaintiff from introducing certain prior incidents aboard its vessels at the upcoming trial. Defendant argues that these incidents are not substantially similar to Plaintiff's incident, failed to provide notice to Defendant, and should be inadmissible. This argument is the basis for Defendant's Motion in Limine. ECF No. [58] at 5. Defendant argues to demonstrate substantial similarity allowing evidence to be admissible requires passing a three-pronged test: (1) the incidents are not too remote in time; (2) conditions must be substantially similar; and (3) no prejudice or confusion of the issues would substantially outweigh the probative value of the evidence. *See Weeks v. Remington Co.*, 733 F.2d 1485, 1491 (11th Cir. 1984). Defendant also contends that the burden is on Plaintiff, as proponent of the evidence, to demonstrate that those incidents are admissible. *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275,

1287 (11th Cir 2015).

Defendant focuses on what matters can be found substantially similar, citing to *Sorrels v. NCL (Bahamas) Ltd.,* 796 F.3d 1275 (11th Cir 2015), *Bahr v. NCL (Bahamas) Ltd.*, No. 19-cv-22973, 2021 WL 4898218 (S.D. Fla. Oct. 10, 2021), and *Taiariol v. MSC Crociere S.A.,* 677 F. App'x 599 (11th Cir 2017). Defendant argues that in *Sorrels,* the Eleventh Circuit affirmed the district court's finding that none of the twenty-two prior incidents were substantially similar to those of plaintiff's incident, and therefore all were excludable. *Id*. at 1279. Distinguishing factors in *Sorrels* included that no other incident occurred where that plaintiff fell, different liquids alleged to have caused the slips, some liquids were listed as unknown, and other incidents involved passengers playing table tennis and children chasing others around the pool when their falls occurred. *Id*. at 1287. Defendant also relies on *Taiariol* to support its argument that certain factors meant that those incidents were properly excludable as evidence because they were not substantially similar. 677 F. App'x at 601. In *Taiariol,* the plaintiff alleged that she fell due to the metal edge detail on a vessel's step. The Eleventh Circuit affirmed the district court's finding that certain incidents of other passengers that fell down similar steps were excludable and not substantially similar given the following factors: a passenger was distracted by a crewmember, electrical cords and other objects left on the steps, steps made of/with marble, steps not adequately marked. *Id*. Further, Defendant cites to this Court in *Bahr*. 2021 WL 4898218. In *Bahr*, the plaintiff alleged that she fell on a slippery and wet gangway when attempting to exit onto a dock. *Id.*, at *1. There, the following prior incidents were not found to be substantially similar: passenger walking backwards while assisting another in a wheelchair; slips on different gangways; a slip while on a motor scooter; a slip without specific detail provided. *Id*. at *5-7.

In contrast, Plaintiff responds that the prior incidents should not be excluded and establish

that Defendant was on notice of a risk-creating condition. ECF No. [64] at 1. Plaintiff argues that a finding of just one prior incident can be sufficient to create a question of fact as to notice. *Beretta v. Home Lines, Inc.*, No. 88 CIV. 7436, 1990 WL 91737, at *3 (S.D.N.Y June 26, 1990). The Eleventh Circuit has also held that "substantially similar" does not mean "identical." *Weeks v. Remington Arms Co.*, 733 F.2d 1485, 1491-92 (11th Cir. 1984); *see also Sorrels*, 796 F.3d 1275 ("[t]he 'substantial similarity' doctrine does not require identical circumstances and allows for some play in the joints" (citations omitted)).

As to the timeliness prong, "[c]ourts have previously allowed prior incidents dating back to four years before the incident in question as not too remote in time. *Bahr*, 2021 WL 4898218, at *4.

Regarding substantial similarity, Plaintiff cites to *Taiariol v. MSC Crociere S.A.*, 677 F. App'x 599 (11th Cir 2017). In *Taiariol*, the court held that to show substantial similarity, a plaintiff does not need to show "that another passenger slipped on the same step while in the same theater of the same ship during the same trip." *Id.* at 601. Nor does it require 'identical circumstances." *Id.* However the plaintiff had to produce evidence that another passenger slipped on the same material. *Id.* Plaintiff also cites to *Whelan v. Royal Caribbean Cruises, Ltd.*, No. 120cv022481, 2013 WL 5583966 (S.D. Fla. Aug. 16, 2013) as to the third prong on the potential prejudice of the evidence. *Whelan* held that "[e]vidence of prior incidents is plainly probative of the factual question of notice" and does not unduly prejudice the defendant who may rely on evidence of remedial measures to prove reasonable care or argue on the merits. *Id.* at *3.

Defendant concedes that prior substantially similar incidents may be relevant to establishing notice of a risk-creating condition. ECF No. [65] at 1. Defendant also concedes that the incidents disclosed in question "involve the same API synthetic deck surface" on both the *Vista*

and the *Horizon* vessels. *Id.*, at 2. Defendant, instead, focuses its argument on whether the conditions were substantially similar to the prior incidents. *Id*.

Therefore, the Court will address each of the incidents Defendant has moved to exclude in its Motion in Limine, with a focus on the second prong of substantial similarity. The incidents are as follows: (1) D.D. (a minor); (2) Carl Weeks; (3) Thomas McWilliams; (4) Pamela Hill; (5) Barbara Thomas; (6) Royal Hopper; (7) Anamaria Humiston; and (8) David Valdez. *Id.* at 5-8

**(1) D.D. (a minor)**

D.D. was four-years-old child at the time of her incident aboard the *Vista* on April 26, 2018. ECF No. [58] at 5. The Passenger Inquiry Statements reported that D.D. left the pool and began walking on deck 11 where she slipped on a wet surface. *Id*. However, CCTV footage showed D.D. jumping and swinging between chairs, which was the cause of her fall. Defendant argues that this incident could not reasonably put it on notice of a dangerous condition on board the *Vista* as to unreasonably slippery conditions on deck 11 due to a transitory substance. *Id*.

Plaintiff responds that this is a substantially similar incident as D.D. fell on the same API flooring surface that was also wet, regardless of whether the child was swinging from the chairs. ECF No. [64] at 7-8. Further, Plaintiff argues that the standard is whether the incident was substantially similar, not identical to the incident at bar. *Id*. at 9. Plaintiff contends that this is still a slip, on the same wet flooring surface, the resulted in a fall. *Id*. Defendant replies that the conditions are not similar and other factors preclude a finding of substantial similarity such that this is admissible evidence as to notice by Carnival. ECF No. [65] at 2. *See also Sorrels*, 796 F. 3d at 1287 ("in some of the incidents, there were other factors involved. . . . passengers slipped while playing table tennis and another (a 12 year-old) fell while chasing someone around the pool.").

Given the material differences in these incidents, the Court finds that Plaintiff has not met

her burden of showing that this incident is substantially similar. D.D.'s report would have little probative value and is substantially outweighed by unfair prejudice to Defendant. Accordingly, D.D.'s report is inadmissible. Defendant's Motion in Limine as to this prior incident is granted.

### (2) Carl Weeks

Carl Weeks was a passenger on board the *Vista* when on May 26, 2018, he walked on deck 11 wearing dress shoes, and "a yellow caution sign was in place at the time of the incident." ECF No. [58] at 6. Mr. Weeks slipped and fell "due to rain." *Id*. The area was wet. Defendant argues that this is a materially different incident because (1) he was wearing dress shoes; and (2) the hazardous condition in question was rain. *Id*. In contrast, Defendant argues that Plaintiff wore slides or "flip flops" and blames an unseen, transitory substance for her slip, precluding this from being a substantially similar incident. *Id*.

Plaintiff argues that Mr. Week's injury statement indicates that he fell on "deck 11 under walkway" which Plaintiff alleges appears to be the exact area of her own incident. ECF No. [64] at 10. Plaintiff also argues that Defendant cites no authority to support that formal shoes are different than flip flops as to such conditions. *Id*. The difference in shoes is irrelevant as the standard is a substantially similar, not an identical incident.

Moreover, Plaintiff argues that Defendant's statement that it posted yellow caution tape on deck 11 when it knew it would get wet due to rain, clearly establishes that Defendant had notice of the hazardous condition. *Id*. A procedure advising its passengers wearing dress shoes that a floor surface is wet and therefore dangerous is plainly sufficient to put any reasonable defendant on notice that the hazard exists to its passengers, generally. *Id*. Defendant replies that *Sorrels* supports its argument. ECF No. [65] at 3. *Sorrels* held distinctions between the type of footwear worn in the incidents could preclude a finding of substantial similarity, as could variations in liquids that

caused a fall. *Id*.

The Court finds that Plaintiff has not met her burden of showing that this is a substantially similar incident and therefore admissible. In *Sorrels*, location of the incident was a primary factor as "none of [the incidents] occurred where Sorrels fell." 2013 WL 6271522 at *9. However, that court also declined to find that the incidents were substantially similar as a variety of wet substances caused each of those the incidents. *Id*. Here, Plaintiff fell due to a transitory substance on the flooring, while Mr. Weeks fell due to rain. Defendant's Motion in Limine as to this prior incident is granted.

### (3) Thomas McWilliams

Thomas McWilliams was a passenger on board the *Vista* when, on October 6, 2018, he ascended the stairs from deck 10 to deck 11, the floor was wet and slippery, and he fell on his back on deck 11. ECF No. [58] at 6. Defendant argues that this is not substantially similar as (1) McWilliams wore boots; and (2) McWilliams exited the stairs onto deck 11. *Id*. Plaintiff argues that this slip and fall when walking onto deck 11, on the same API deck material, the same or similar wet condition, indicates that the incident is substantially similar. ECF No. [64] at 13. Furthermore, Plaintiff asserts that Defendant's answers to interrogatories state that McWilliams' incident occured "[w]hile walking on deck 11, his foot slipped on the moist API floor and he fell backward." ECF No. [64-2] at 4. Stairs were not the reported issue. Defendant responds that as McWilliams wore boots and Plaintiff wore flip flops, and stairs were involved as to McWilliams' incident, Plaintiff has not met her burden to show this is a substantially similar incident.

The Court finds that Plaintiff has met her burden in showing that this is a substantially similar incident and admissible. For the same reasons above, the distinction of shoe type is insufficient to preclude this as a substantially similar incident. Moreover, the interrogatory

indicates that Defendant recorded this incident as walking on deck 11, without refence to the steps, and that the floor shared similar conditions as it was wet indicating a transitory liquid or condition that is not alleged to be due to rain. *Id.* Furthermore, Plaintiff's incident occurred on July 8, 2022, less than four years after Mr. McWilliams' incident, and is therefore not too remote in time. Defendant's Motion in Limine as to this prior incident is denied.

### (4) Pamela Hill

Pamela Hill was a passenger on board *Horizon* when, on September 14, 2021, she slipped and fell on its deck 11 due to puddles that accumulated during rain. Defendant argues that this incident differs materially from Plaintiff's incident as ongoing rain is different than a transitory liquid on the deck. Defendant relies on *Sorrels*, affirming exclusion of incidents where a plaintiff fell due to rain as opposed to an unknow wet substance. 2013 WL 6271522, at *9.

Plaintiff responds that Defendant's reliance on *Sorrels* is improper as *Sorrels* was a review of the trial court's abuse of discretion, and the Eleventh Circuit did not find that the district court abused its discretion on the differentiating factors. ECF no. [64] at 11, 13. Therefore, *Sorrels* did not impose a requirement as to the use of those factors. *Id.* at 11. Defendant maintains that the rainwater in question, and the resulting puddles, differs from a transitory wet substance at issue in the instant case.

The Court finds that because Plaintiff fell on a transitory substance which is not a similar condition to puddles caused by rain, Plaintiff has not met her burden in showing that this is a substantially similar incident and admissible. Defendant's Motion in Limine as to this prior incident is granted.

### (5) Barbara Thomas

Barbara Thomas was a passenger on board the *Horizon* when, on October 18, 2021, she

slipped on standing water on deck 11 that was close to a shower station. ECF no. [58] at 7. Deck 11 on the *Horizon* has the same API flooring involved in this instant case. Plaintiff argues that for reasons argued before, this is a substantially similar incident and admissible. ECF No. [64] at 14. Defendant maintains that standing water due to a shower station differs materially from transitory water/liquid in a walking corridor. ECF No. [65] at 5.

The Court finds that Plaintiff has failed to meet her burden in showing that this is a substantially similar incident and admissible. Plaintiff failed to elaborate on how these areas are similar given the proximity to a shower station. Thomas' report would have little probative value and would be substantially outweighed by unfair prejudice to the Defendant. Defendant's Motion in Limine as to this prior incident is granted.

### (6) Royal Hopper

Royal Hopper was a passenger on board the *Vista* when, on November 12, 2021, he walked on deck 11 and slipped and fell backwards. ECF No. [58] at 7. Hopper believed that rain caused his incident. Defendant argues that this incident differs materially from Plaintiff's incident as this was caused by rain and not substantially similar to one caused by a transitory substance. *Id.* Defendant cites to *Sorrels* for support. 2013 WL 6271522 at *9. Plaintiff argues that this is a substantially similar incident and reiterates her arguments from all other prior incidents.

The Court finds that Plaintiff has not met her burden in showing that this is a substantially similar incident and admissible. While both incidents occurred on identical flooring, on the same ship, the conditions varied — a slip and fall due to rain rather than due to a transitory substance on the flooring are not substantially similar. Defendant's Motion in Limine as to this prior incident is granted.

### (7) Annamaria Humiston

Annamaria Humiston was a passenger on board the *Vista* when on February 21, 2022, she fell. ECF No. [58] at 8. Defendant's CCTV footage showed that this passenger sat on top of a stack of deck chairs and then slid off them at 2 a.m. *Id*. Defendant claims that alcohol was suspected as a contributing factor. *Id*. Plaintiff replies that this incident is substantially similar as per all prior arguments as it is a slip and fall incident on a substantially similar surface. ECF No. [64] at 15. Plaintiff does not address the allegations regarding alcohol, that the passenger sat on top of a deck of chairs, or that she then slid down that stack of chairs.

The Court finds that Plaintiff has failed to meet her burden in showing that this is a substantially similar incident and admissible. Plaintiff failed to elaborate on how the differentiating factors could still result in a finding of substantial similarity. Humiston's report would have little probative value and would be substantially outweighed by unfair prejudice to the Defendant. Defendant's Motion in Limine as to this prior incident is granted.

### (8) David Valdez

David Valdez was a passenger on board the *Vista* when, on May 22, 2022, he slipped and fell due to standing water near stairs. ECF No. [58] at 8. Defendant argues that this incident differs materially from Plaintiff's incident as Valdez blames rain for his incident while Plaintiff alleges that a transitory wet substance is to blame. *Id*. Plaintiff argues that this incident is substantially similar and relies on her previous arguments. ECF No. [64] at 15. Defendant reiterates its position and contends that Plaintiff has failed to meet its burden. ECF No. [65] at 5-6.

The Court finds that Plaintiff has failed to meet her burden in showing that this is a substantially similar incident and admissible. The conditions — a slip and fall due to rain rather than due to a transitory substance on the flooring — are not substantially similar. Defendant's

Motion in Limine as to this prior incident is granted.

### c. Plaintiff's Daubert Motion to Strike

Plaintiff moves to strike, exclude, and/or limit Defendant's expert witnesses. Those experts include Dr. Jan Pieter Hommen, Orthopedist, who performed an Independent Medical Examination on Plaintiff; (2) Dr. Victor H. Barredo, M.D. (Neurology); and (3) David P. Wills, P.E., Engineer. ECF No. [57]. Plaintiff later withdrew her motion as to David Wills. ECF No. [66] at 5-6.

### i. Dr. Hommen

Plaintiff argues that Dr. Hommen failed to utilize a reliable methodology and that his opinions are unhelpful to the trier of fact. ECF no. [57] at 4-5. Plaintiff did not contend that Dr. Hommen is unqualified. Plaintiff first attacks Dr. Hommen's methodology because (1) he states that Plaintiff did not require future medical care; (2) his opinions are mere *Ipse Dixit* lacking explanation on how he arrived at his conclusions or basis. *Id*. Plaintiff elaborated on the first attack, arguing that his statement "in my medical opinion, [Plaintiff's] tibia or sciatic nerve does not require further surgical or medical management" was incorrect. *Id*. at 4. Plaintiff contends that this is an incorrect fact as Plaintiff had a subsequent injection, a transforaminal lumbar epidural injection, performed on her by her personal surgeon. *Id*. Next, Plaintiff maintains that the alleged lack of reliable methodology means that Dr. Hommen's opinions are therefore unhelpful to the jury. *Id*. at 5.

Defendant responds that Dr. Hommen's opinions are reliable and helpful. Defendant lists the following to as to Dr. Hommen's methodology and the basis of his opinion: performance of an independent medical exam on Plaintiff; obtaining her medical records and account of the incident; performance of a physical exam on Plaintiff including her lumbar spine and right hip; obtaining

various radiograph images of Plaintiff's right shoulder, right elbow, lumbar spine, and tibia; and a review of Plaintiff's medical records prior to and after the incident. ECF No. [62] at 5.

Furthermore, Defendant maintains that Dr. Hommen properly explained how he reached his conclusions. *Id*. In part, Dr. Hommen advised that he reviewed and considered alternative potential causes for the injury, the potential need for future medical care, conducted a physical examination, reviewed the patient's history and as presented by her in person, etc. *Id*. Defendant argues that this demonstrates a sufficiently reliable methodology consistent with *Geyer v NCL (Bahamas) Ltd.*, 203 F.Supp.3d 1212 (S.D. Fla. 2016) (finding an orthopedic surgeon's opinions reliable based on his experience and medical records review, even when he did not physically examine the patient).

Defendant also argues that Plaintiff's lumbar pain injection after Dr. Hommen's medical examination does not warrant a finding that his opinions are unreliable. Such criticism of Dr. Hommen's opinion goes to the weight of the evidence, not to admissibility. ECF No. [62] at 6. For support, Defendant cites to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) that "[t]he inquiry is a flexible one, and its focus must be solely on principles and methodology, not on the conclusions that they generate." *Id*. at 580. Finally, Defendant argues that Dr. Hommen's opinions would be helpful to the jury to understand Plaintiff's hamstring tear. His use of a reliable method in reaching his opinion, his explanation on his methodology, and because "Plaintiff's own orthopedic surgeon refers his patients to Dr. Hommen" all support a finding that Plaintiff's *Daubert* challenge should be denied as to Dr. Hommen. ECF [62] at 6.

Plaintiff replies that Dr. Hommen's opinion cannot be based on a reliable method as it is partially based on an incorrect fact, that Plaintiff does not require further medical treatment. ECF No. [66] at 2. Plaintiff adds that this dos not alone render Dr. Hommen's opinion unreliable, but

rather that Defendant has failed to supplement the record as per the relevant Federal Rules of Civil Procedure:

> Disclosure of Expert Testimony. In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

> Fed. R. Civ. P. 26(a) (2) (E.) and 26(e)(1)(A)

Plaintiff argues that failure to provide a supplemental report means that Dr. Hommen's opinions are lacking the "necessary facts" to form an adequate conclusion. ECF [66] at 3; *See D & D Assoc. Inc. v. Bd. Of Ed. Of N. Plainfield*, 411 F. Supp. 2d at 488 (D. N.J. Jan 10, 2006). Furthermore, without advising what has been ruled out in the expert opinion and why, and without proper explanations on how his conclusions were reached, Plaintiff maintains that the opinions are mere *Ipse Dixit*. No. [66] at 3.

The Court finds that Plaintiff has no basis to strike Dr. Hommen's expert testimony. The "qualifications," "reliability," and "helpfulness" prongs under the Eleventh Circuit's *Frazier* decision are met. *U.S. v. Frazier*, 387 F.3d 1244, 1260 (11th Cir 2004). First, Plaintiff has not questioned Dr. Hommen's qualifications, and the Court is satisfied with the qualifications presented regarding his expertise. Second, Defendant provided a detailed explanation of Dr. Hommen's methodology that Plaintiff did not counter. Finally, Plaintiff's main argument that the Hommen report is not helpful is predicated upon his alleged failure of methodology and reliability. The Court has determined that Dr. Hommen's report satisfies a finding of reliability and methodology. As such, Plaintiff' argument that the report is not helpful fails. Moreover, Plaintiff attacked the Hommen report due to Plaintiff's subsequent injection, however, that is not

necessarily fatal. Plaintiff will have the opportunity to attack the weight of his opinion given Plaintiff's later injection through "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" at trial. *Quiet Tech*, 326 F.3d at 1342. Accordingly, Plaintiff's Daubert Motion to Strike Dr. Hommen as an expert is denied.

ii.     **Dr. Barredo**

Plaintiff argues that the opinions of Dr. Barredo should be stricken because (1) he is not qualified; (2) his opinions are not based on a reliable method; (3) his opinions are not helpful to the trier of fact; (4) his opinions are not proper rebuttal opinions; and (5) he is "an affirmative expert improperly cloaked as a 'rebuttal' expert to circumvent the Court's disclosure deadline." ECF No. [57] at 6-11. Dr. Barredo appears in the action due to the examinations by Dr. Cesar Ceballos and Dr. Mouhanna who examined Plaintiff on February 22, 2023. ECF No. [62] at 7. In the examination, Dr. Ceballos "recommended nerve conduction studies and EMG studies of Plaintiff's right lower extremity to assess the sciatic nerve." *Id*. Dr. Mouhanna is Plaintiff's disclosed expert pain management specialist. He noted "electrodiagnostic evidence of motor and sensory neuropathy affecting the "right peroneal nerve and the right sural nerve." *Id*. Dr. Mouhanna opined that Plaintiff's condition was most consistent with a probable diagnosis of CRPS (Complex Regional Pain Syndrome). *Id*. Defendant argues that there was no mention of CRPS and no nerve conduction study until Dr. Mouhanna's report was disclosed by Plaintiff. *Id*. Defendant then retained Dr. Barredo to review Plaintiff's medical records and the nerve conduction studies. *Id*.

First, Plaintiff argues that Dr. Barredo is attempting to offer opinions on pain management but has no such experience. ECF No. [57] at 6. For that reason, Plaintiff argues that Dr. Barredo is unqualified. Next, Plaintiff claims that Dr. Barredo failed to use a reliable methodology as he

admitted to offering an opinion based on incomplete facts. His admitted limitations were that he did not see the February 22, 2023 study, did not review Plaintiff's medical records, and relied on the other doctor's review of Plaintiff's medical records. *Id*. at 7. Further, he did not examine Plaintiff and thus cannot rely on his own experience. *Id*. Moreover, Dr. Barredo's opinions are also *Ipse Dixit* as he fails to explain how he reached his conclusions. *Id*. For those reasons, Plaintiff argues that Dr. Barredo is unqualified. Consequently, Plaintiff asserts that Dr. Barredo's opinions are unhelpful to the jury for the above deficiencies. *Id*. at 8. Finally, Plaintiff asserts that Barredo is not a true rebuttal expert, but rather an affirmative expert brought forth as a rebuttal expert to circumvent the expert disclosure deadline. *Id*. at 10. Plaintiff maintains that Dr. Barredo's opinions go past rebuttal and advance new theories, which has caused surprise and has created the potential for a prejudicial effect against Plaintiff. *Id*. at 12-13.

Defendant responds that Dr. Barredo is qualified to provide rebuttal opinions as to whether Plaintiff has nerve injury and CRPS. ECF No. [62] at 8. Defendant points out that Barredo has been Board Certified since 1983, "has performed over 100,000 neurological examinations," is certified as a medical-legal evaluator, and his specialty in neurology qualifies him to interpret nerve conduction studies, review medical records as to nerve injury, and to opine on whether a person has CRPS. *Id. See also* ECF No. [57-2] at 4 (detailing Dr. Barredo's qualifications, certifications, and prior relevant experience). Of note, Dr. Barredo also states that he had experience in pain management "prior to the abundance of Pain Management Specialists" and currently does "a limited number [of such procedures] and practice[s] pain management on some of my patients." ECF No. [57-2] at 4. Defendant also contends that Dr. Barredo is reliable as an expert, is providing rebuttal opinions, and did not need to examine Plaintiff. ECF No. [62] at 8-9. Defendant relies on *Geyer,* 203 F.Supp.3d at 1217 ("the fact that a physician has not examined the

plaintiff does not necessitate a finding that any such expert report or testimony [] is inadmissible under *Daubert*") (citations omitted). Defendant argues that his opinions are helpful to the trier of fact, particularly on the isolated issues of CRPS and nerve conduction studies.

Moreover, Defendant argues that Dr. Barredo is a proper rebuttal expert, and his opinions will be helpful to the jury. He was retained specifically to review two new theories Plaintiff presented in her timely expert disclosures, and his scope is limited to those two distinct topics. ECF No. [62] at 6-8. Further, Defendant contends that it was necessary to retain Barredo after learning of the new theories Dr. Mouhanna presented in his expert testimony. Defendant asserts that "[t]o the extent Plaintiff seeks to introduce expert testimony from Dr. Mouhanna addressing [CRPS or the nerve conduction study results], Dr. Barredo will be helpful to the jury in providing opinions regarding the same." *Id*. at 9.

Plaintiff concedes that one potential cure is to allow the challenged expert and his opinion to be admitted, but only as to true rebuttal issues. *See Point Blank Enterprises, Inc.*, 18-CV-61310, 19-CV-61881, 2020 WL 1666763 (S.D. Fla. Apr. 3, 2020).

The Court finds that Dr. Barredo is a qualified expert, his testimony is reliable, and his testimony is also helpful to the trier of fact. Therefore, Plaintiff's Daubert Motion to strike the opinions of Dr. Barredo is denied. However, any expert opinions and testimony from Dr. Barredo shall be limited and may only directly rebut the report and findings of Dr. Mouhanna as to CRPS and the nerve conduction study, and as both bear on Plaintiff's allegations.

**IV. CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Omnibus Motion in Limine**, ECF No. [56]**, is **GRANTED IN PART AND DENIED IN PART**;

Case No. 22-cv-22853-BLOOM/Torres

2. Defendant's Motion in Limine, **ECF No. [58]**, is **GRANTED IN PART AND DENIED IN PART**; and

3. Plaintiff's Daubert Motion to Strike Expert Testimony, **ECF No. [57]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 4, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of Record