UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 1:22-CV-22853-BLOOM/Otazo-Reyes

CHARLOTTE SMITH,

    Plaintiff,

v.

CARNIVAL CORPORATION & PLC,

    Defendant.

_____/

**JOINT PRETRIAL STIPULATION**

Plaintiff, CHARLOTTE SMITH, and Defendant, CARNIVAL CORPORATION & PLC, by and through their undersigned counsel, and pursuant to Local Rule of the Southern District of Florida 16.1(e), hereby file this Joint Pretrial Stipulation, and state as follows:

1. **Statement of the case by each party:**

**Plaintiff's Statement of the Case**:

This is a maritime personal injury case in which, on or about July 8, 2022, between approximately 2:00-3:00 p.m., SMITH slipped and fell on water that was on the floor on deck 11 portside on the CARNIVAL *Vista* and hit her head.

Numerous other passengers slipped and fell in the same area as SMITH prior to her incident, but CARNIVAL did not change the slippery floor surface prior to SMITH's incident, despite these prior incidents, and despite the fact that it tested below the acceptable slip resistance for walking surfaces such as these. Moreover, CCTV footage shows a crewmember walk minutes

prior to the incident directly where SMITH slipped, but this crewmember failed to report or do anything else about the water on the floor.

As a result, she sustained severe injuries that include, but are not limited to, a right proximal hamstring tendon rupture that required surgical repair, partial tear of the left hamstring, neurolysis of the sciatic nerve and aggravation to her knee and back pain.

**Defendant's Statement of the Case**:

Defendant denies that the outer deck flooring on the *Vista* was unreasonably slippery. Defendant requires that slip resistant synthetic teak flooring be installed on its vessels. Defendant also performs annual testing to ensure that the flooring maintains its slip resistance properties. Annual testing performed weeks prior to Plaintiff's incident indicates that the surface was reasonably safe in wet and dry conditions. Testing by Defendant's expert several months following the incident of the area where Plaintiff fell also supports that the flooring was reasonably maintained and slip resistant.

To the extent water was present in the area where Plaintiff fell prior to the incident, Defendant had no notice of it. Defendant employs housekeeping personnel to monitor the outer decks for any spills. CCTV footage depicts multiple passengers walking through the same area prior to Plaintiff without any difficulty. Plaintiff's fall may have instead been caused by bilateral osteoarthritis in of her knees, which she was actively medically treating for in the weeks leading up to her cruise.

2. **Basis of federal jurisdiction:**

This Court has jurisdiction pursuant to 28 U.S.C. § 1333, as the Plaintiff's claims arise under admiralty and/or maritime jurisdiction. Additionally, the Court has diversity jurisdiction under 28 U.S.C. § 1332. The Plaintiff is a resident and citizens of the state of Texas. The Defendant is headquartered in Miami, Florida, and is incorporated in the nation of Panama. The Defendant's

passenger ticket contract's venue selection clause mandated that the Plaintiff file their civil action in the United States District Court for the Southern District of Florida.

3. **Pleadings raising the issues:**

    a. Plaintiff's Amended Complaint, filed on November 16, 2022 [ECF No. 20].

    b. Defendant's Amended Answer and Affirmative Defenses, filed on November 30, 2022 [ECF No. 21].

4. **List of all undisposed of motions or other matters requiring action by the Court:**

    a. Plaintiff's Motion in *Limine* [ECF No. 56].

    b. Plaintiff's *Daubert* Motion [ECF No. 57].

    c. Defendant's Motion in *Limine* [ECF No. 58].

    d. Plaintiff's Amended Motion to Allow Certain Witnesses to Testify Remotely [ECF No. ].

5. **Uncontested facts which will require no proof at trial:**

    a. For purposes of this litigation only, at the time of the incident, the *Vista* was owned and operated by Defendant, and was registered in the Panama.

    b. At the time of the incident, the Plaintiff was a passengers on the *Vista*.

    c. The incident happened on July 8, 2022.

    d. The medical records and bills of Plaintiff are authentic.

6. **Issues of fact which remain to be litigated at trial:**

    a. Negligence of Defendant.

    b. Negligence of Plaintiff.

    c. Causation of Plaintiff's alleged injuries and damages.

    d. Whether and to what extent the incident caused non-economic damages to the Plaintiff, which include pain, suffering, disability, physical impairment, scarring,

   disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

  e. Whether and to what extent the incident caused economic damages to the Plaintiff, including past and future medical expenses, and past and future lost wages.

7. **Issues of law on which there is agreement:**

  a. The applicable law is general maritime law.

  b. Federal subject matter jurisdiction arises under the laws of the United States pursuant to 28 USC § 1332 and 28 USC § 1333.

  c. Venue is proper.

  d. Defendant owed the Plaintiff a duty of reasonable care under the circumstances.

  e. Plaintiff had a duty to exercise reasonable care under the circumstances for their own safety.

  f. Plaintiff has complied with all conditions precedent for bringing this action.

8. **Issues of law which remain for determination by the Court:**

  a. The issues posed in the pending motions listed in No. 4, above.

9. **Each Party's List of Trial Exhibits**: Attached.

10. **Each Parties' List of Trial Witnesses**: Attached.

11. **Estimated trial time:**

  a. 5 days.

12. **Attorney's fees:**

There is no claim for attorney's fees.

Dated: December 4, 2023

| /s/ Matthias Hayashi, Esq. | /s/ *W. Cooper Jarnagin, Esq.* |
|---|---|

| | |
|---|---|
| Spencer Marc Aronfeld, Esq.<br>Florida Bar Number: 905161<br>aronfeld@aronfeld.com<br>Matthias M. Hayashi, Esq.<br>Florida Bar No. 115973<br>mhayashi@aronfeld.com<br>Abby Hernandez Ivey, Esq.<br>Florida Bar No.: 1002774<br>aivey@aronfeld.com<br>ARONFELD TRIAL LAWYERS<br>1 Alhambra Plaza, Penthouse<br>Coral Gables, FL  33134<br>Telephone: (305) 441-0440<br>Facsimile:  (305) 441-0198<br>***Attorney for Plaintiff*** | Michael J. Drahos<br>Florida Bar No. 0617059<br>michael.drahos@gray-robinson.com<br>W. Cooper Jarnagin<br>Florida Bar No. 117767<br>cooper.jarnagin@gray-robinson.com<br>Ashley Genoese<br>Florida Bar No. 1019357<br>ashley.genoese@gray-robinson.com<br>GrayRobinson, P.A.<br>515 North Flagler Drive, Ste. 650<br>West Palm Beach, Florida 33401<br>Tel: (561) 268-5727<br>Fax: (561) 268-5747<br>***Attorney for Defendant*** |

## CERTIFICATE OF SERVICE

We HEREBY CERTIFY that on December 4, 2023, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

      /s/     *Matthias M. Hayashi*
Matthias Hayashi
mhayashi@aronfeld.com
Florida Bar No.: 0115973
***Attorney for Plaintiff***